```
            IN THE UNITED STATES DISTRICT COURT
            FOR THE MIDDLE DISTRICT OF GEORGIA
                     COLUMBUS DIVISION
```

| | |
|---|---|
| AMANDA YANCEY, | * |
| Plaintiff, | * |
| vs. | * |
| WALMART, INC. *d/b/a* SAM'S CLUB, and NEILANI LEE | * |
| Defendants. | * |

CASE NO. 4:20-CV-97 (CDL)

O R D E R

Plaintiff filed her action in April 2020 against Walmart, Inc. and Neilani Lee. She now seeks to voluntarily dismiss this action because she filed another action in state court against different Defendants, whom she claims are the proper Defendants. Plaintiff asks the Court to dismiss her action pursuant to Federal Rule of Civil Procedure 41(a)(2). "The district court enjoys broad discretion in determining whether to allow a voluntary dismissal under Rule 41(a)(2)." *Pontenberg v. Boston Sci. Corp.*, 252 F.3d 1253, 1255 (11th Cir. 2001) (per curiam). "[I]n most cases, a voluntary dismissal should be granted unless the defendant will suffer clear legal prejudice, *other than the mere prospect of a subsequent lawsuit*, as the result." *Id.* (quoting *McCants v. Ford Motor Co., Inc.*, 781 F.2d 855, 855-57 (11th Cir. 1986) (alterations in original)). "The crucial question to be determined is, Would the defendant lose any substantial right by the dismissal." *Id.*

(quoting *Durham v. Fla. E. Coast Ry. Co.*, 385 F.2d 366, 368 (5th Cir. 1967)).  Here, Defendants have not established that they will lose any substantial right if the Court dismisses this action.  As such, Plaintiff's motion to voluntarily dismiss without prejudice (ECF No. 11) is granted.[1]

IT IS SO ORDERED, this 9th day of September, 2020.

s/Clay D. Land
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA

---

[1] Because the Court grants Plaintiff's motion to dismiss, her motion to remand (ECF No. 6) and Defendant's motion to dismiss (ECF No. 8) are moot.